UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                                  Case No. 15-cr-150-01-SM

<u>Ryan Williams</u>

**<u>REPORT AND RECOMMENDATION</u>**
**<u>TO ACCEPT DEFENDANT'S GUILTY PLEA</u>**

**I.**    **<u>Background</u>**

On July 8, 2015, a criminal complaint was issued charging Ryan Williams ("Williams"), the Defendant, with unlawful possession with the intent to distribute heroin, in violation of 21 USC § 841(a)(1).  Thereafter, on August 26, 2015, Williams was indicted, <u>inter</u> <u>alia</u>, with Conspiracy to Distribute 1 Kilogram or More of Heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(i).  On July 12, 2016, the Defendant was charged by Superseding Information with Conspiracy to Distribute 1 Kilogram or More of Heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(i).  The Defendant waived indictment to the Superseding Information.  (Doc. no. 32).

A change of plea hearing was held on August 3, 2016.  Williams was present, represented by appointed counsel, Charles J. Keefe.  Defendant was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful lest he would subject himself to possible charges of perjury or making a false statement.

**II. Consent to Proceed Before a Magistrate Judge**

Defendant filed a written consent to have the Federal Rule of Criminal Procedure 11 proceedings before the magistrate judge.  (Doc. no. 31).  On August 3, 2016, while assisted by counsel, the Defendant, by consent appeared before me in order to change his previous not guilty plea, entered on August 31, 2015, (doc. no. 14) to a plea of guilty as to Count I of the Superseding Information as agreed to under the terms of his plea agreement.  At the August 3 hearing, the parties consented to the delegation of the change of plea to the magistrate judge and the Defendant unequivocally restated his consent to have the change of plea hearing before this magistrate judge.  United States v. Williams, 23 F.3d 629 (2nd. Cir. 1994), cert. denied, 513 U.S. 1045 (1994) (where defendant consented to the magistrate judge taking his guilty plea to a felony, delegation to the magistrate judge did not contravene Article III of the Unites States Constitution).

**III. Proceedings Under Rule 11 of the Federal Rule of Criminal Procedure**

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the Defendant's right to trial, the guilty plea must be knowing and voluntary.  United States v. Hernandez-

Wilson, 186 F.3d 1, 5 (1st Cir. 1999). "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). There are three core concerns in a Rule 11 proceeding: "1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea." Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244 (1st Cir. 1991)).

A.   Competence to Enter a Guilty Plea

This magistrate judge questioned the Defendant about his age; education; literacy; history of any treatment for mental illness or addiction; and use of any medication, drugs, or alcohol in order to ascertain his capacity to understand, answer, and comprehend the change of plea colloquy. The court confirmed that the Defendant received the Superseding Information and fully discussed the charge with his attorney and was satisfied with the advice and representation he received. The Defendant confirmed that he was satisfied with the representation and advice given to him by his attorney and that he had sufficient time to discuss the case and guilty plea with his counsel before the August 3, 2016 hearing. The court further inquired whether the Defendant's counsel had any doubt

as to his capacity to plead, to which counsel responded that there was no doubt. After considering the Defendant's responses and observing his demeanor, a finding was made that Williams was competent to plead and fully aware of the purpose of the hearing.

B.   Waiver of Grand Jury Indictment

This magistrate judge questioned Williams in detail about his understanding of the implications of waiving grand jury indictment. The Defendant expressed his understanding that he had a constitutional right to be tried on an indictment, of the composition of the grand jury and the process and requirements in order for a grand jury to return an indictment, and that the grand jury, after hearing the Government's evidence, might or might not indict him. Williams also expressed his understanding that if he waives indictment, but then decided not to enter a guilty plea, the prosecution of the charges in the Superseding Information would still proceed on the information without presentation of the evidence to the grand jury. Williams confirmed his signature on the waiver of indictment document. He also confirmed that other than the promises and commitments set forth in the plea agreement, no threats were made against him, and no promises were made to induce him to waive his right to an indictment. He also acknowledged that he discussed waiver of grand jury indictment with his attorney and confirmed that he

understood these rights and the consequences of his waiver of indictment.  The Defendant's counsel, in response to this magistrate judge's questioning, responded that he was not aware of any reason why Williams should not waive indictment.  Accordingly, this magistrate judge found that Defendant knowingly, voluntarily, and intelligently waived his right to proceed to trial only upon an indictment issued by a grand jury.

C.   Factual Basis for the Guilty Plea

The Defendant confirmed receipt of a copy of the Superseding Information and was provided with an explanation of the elements of the offense charged therein and which explained what the prosecution must provide beyond a reasonable doubt to obtain a conviction.  At the hearing, the Government presented to this magistrate judge and to the Defendant a summary of the facts the Government would be able to prove, in the event the Defendant elected to go to trial, to establish the Defendant's guilt beyond a reasonable doubt.  The Defendant acknowledged that the facts presented by the Government were true and correct.  A finding was made by this magistrate judge that Defendant's guilty plea has a basis in fact.

D.   Plea Agreement

Williams was shown his "Plea Agreement" which is part of the record, and verified his signature on the document.  He confirmed that he reviewed each of the terms of the Plea

Agreement, including every paragraph and line with his attorney before he signed it, that it represented the entirety of his understanding with the Government, that he understood its terms, and that no one had made any other or different promises or assurances to induce him to plead guilty.

The Defendant was then admonished, pursuant to Fed. R. Crim. P. 11(c)(1)(B), and expressed his understanding, that the terms of the Plea Agreement are merely recommendations to the court, and that the district judge who will preside over the sentencing hearing can reject the recommendation without permitting the Defendant to withdraw his guilty plea and impose a sentence that is more severe than the Defendant might anticipate.

The parties' sentencing recommendation appears in the Plea Agreement and was explained in open court.  The Defendant confirmed that the Plea Agreement contains the sentencing recommendations he agreed to with the Government.  The Defendant was specifically informed that any sentencing recommendation contained in the Plea Agreement was not binding for the sentencing court, and that the court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any recommendation in the plea agreement, and that the court had authority to impose a sentence that is more severe or less severe than the sentence called for by the

Sentencing Guidelines.  The Defendant was advised, and understood, that the Sentencing Guidelines are no longer mandatory and are thus considered advisory, and that during sentencing the court will consider the sentencing criteria found at 18 U.S.C. §3553(a).

The Defendant was advised that under some circumstances he or the Government may have the right to appeal the sentence the court imposes. The Defendant was further informed, and professed to understand, that the Plea Agreement contains appeal waivers. In response to this magistrate judge's questioning, Williams's attorney affirmed that he reviewed the waiver of appellate rights set forth in the Plea Agreement with Defendant in detail and that the Defendant demonstrated that he understood them.

E.   Maximum Penalties

In response to questioning, the Defendant expressed his understanding of the maximum penalties prescribed by statute for the offense to which he was pleading guilty, namely a term of imprisonment of namely a term of imprisonment of not less than ten years and up to life, a fine of not more than $10,000,000.00, and a supervised release term of at least 5 years and as much as life, and a mandatory special assessment of $100.00.  The court explained the nature of supervised release and the consequences of revocation.  The Defendant indicated that he understood the maximum penalties for Count I of the

Superseding Indictment and the potential consequences of the guilty plea.

F.  Waiver of Constitutional Rights

Williams was specifically advised of his right to:

1.  Plead not guilty, or having already so pleaded, to persist in that plea;

2.  A jury trial;

3.  Be represented by counsel at every stage of the proceedings, including during a jury trial;

4.  Hear all of the witnesses and to have them cross-examined;

5.  Not testify unless he voluntarily elected to do so in his own defense and that his failure to do so could not be used against him; and

6.  The issuance of subpoenas or compulsory process to compel the attendance of witnesses.

Williams was also advised that if he chose to go to trial, he would not be required to prove that he was innocent. Rather, it would be the Government's burden to prove, by competent evidence, his guilt beyond a reasonable doubt with resend to every essential election of the offense he has been charged with; and, that at trial the jury must return a unanimous verdict before he could be found guilty. Williams was also advised that if he proceeded to trial and a jury found him guilty, he would have an automatic right of appeal and that a guilty plea results in the waiver of his right to appeal matters of substance, some by virtue of the act of pleading guilty and

others under the terms of the Plea Agreement. The Defendant specifically acknowledged understanding these rights, and understanding that by entering a plea of guilty there would be no trial and he will be waiving or giving up the rights associated with a trial that the court explained.

The Defendant was additionally informed that a pre-sentence report would be prepared and considered by the district judge at sentencing and that his sentence may well include a term of imprisonment. The court further advised the Defendant that his plea, if accepted, may result in loss of valuable rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm of any kind. The Defendant confirmed that he understood these consequences of his guilty plea.

G.   Voluntariness

The Defendant indicated that he was not being induced to plead guilty, but was entering such a plea freely and voluntarily because in fact he is guilty, and that no one had threatened him or any other person of importance to him, or promised him leniency in exchange for his plea. He acknowledged that no one had made any different or other promises in exchange for his guilty plea, other than the recommendations set forth in the Plea Agreement. Throughout the hearing, the Defendant was able to consult with his attorney.

**IV.  Conclusion**

The Defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and entered a plea of guilty as to Count One of the Superseding Information charging a violation of Conspiracy to Distribute 1 Kilogram or More of Heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(i).

After cautioning and examining the Defendant under oath and in open court concerning each of the subject matters mentioned in Rule 11, I find that the Defendant, Ryan Williams, is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that it carries, understands that the charge is supported by evidence and a basis in fact, has admitted to the elements of the offense, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea.  See United States v. Isom, 85 F.3d. 831, 835 (1st Cir. 1996) (core concerns of Rule 11 proceedings are: 1) absence of coercion, the Defendant's understanding of the charges, and 3) Defendant's knowledge of the consequences of the guilty plea).

**Therefore, I RECOMMEND** that the court accept the guilty plea and that the Defendant be adjudged guilty as to Count One of the Superseding Information.

Any objections to this Report and Recommendation must be

filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

**A sentencing hearing has been set for November 11, 2016 at 11:00 a.m. before the Honorable Steven J. McAuliffe, United States District Judge.**

   **IT IS SO RECOMMENDED.**

                                    _____
                                    Andrea K. Johnstone
                                    United States Magistrate Judge

August 12, 2016

cc:   Charles J. Keefe, Esq.
      Jennifer C. Davis, AUSA
      U.S. Marshal
      U.S. Probation